# IN THE COURT OF APPEALS OF IOWA

No. 21-1142
Filed April 27, 2022

**IN THE INTEREST OF J.L.,**
**Minor Child,**

**C.C., Mother,**
　　Petitioner-Appellee,

**D.L., Father,**
　　Respondent-Appellant.
_____

Appeal from the Iowa District Court for Cass County, Gary Anderson, Judge.

A father appeals from the private termination action terminating his parental rights. **AFFIRMED.**

Danni J. Harris of Whitfield & Eddy, P.L.C., Des Moines, for appellant.

Amanda Heims, Council Bluffs, for appellee.

Amy E. Garreans of Garreans Law, LLC, Council Bluffs, attorney and guardian ad litem for minor child.

Considered by May, P.J., and Schumacher and Badding, JJ.

**MAY, Presiding Judge.**

A father appeals the termination of his parental rights, under Iowa Code section 600A.8(3) and (9) (2021), to his child, J.L.[1]  On appeal, the father claims (1) the juvenile court erred by considering transcripts of testimony presented before a judge who later recused herself and (2) termination was not in the child's best interest.  We affirm.

"We review private termination proceedings de novo."  *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012).  "We give deference to the factual findings of the juvenile court, especially those relating to witness credibility, but we are not bound by those determinations."  *Id.*

We begin with the father's claim about transcripts.  During trial, the father moved for the judge to recuse herself.  The judge granted the motion, and a new judge was appointed.  Rather than starting over, the new judge simply continued with trial.  As part of this process, the new judge reviewed transcripts of the prior testimony.  The father did not object to this arrangement.  In fact, the father explicitly asked the new judge to "review the transcripts" and re-rule on objections made before the first judge.  The father now claims it was error for the new judge to rely on those transcripts.  We do not reach the merits of this claim.  Because no

---

[1] Section 600A.8(3) authorizes termination when: "[t]he parent has abandoned the child."  Section 600A.8(9) authorizes termination when: "[t]he parent has been imprisoned for a crime against the child, the child's sibling, or another child in the household, or the parent has been imprisoned and it is unlikely that the parent will be released from prison for a period of five or more years."

objection was raised or decided below, error was not preserved.[2] *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

We turn to the father's argument that termination is not in J.L.'s best interest. The child's best interest is the "paramount consideration" when determining whether to terminate. Iowa Code § 600A.1(1). Section 600A.1(2) provides:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

Following our de novo review, we conclude termination is in the child's best interest. Before this case began, the father was convicted of child endangerment causing bodily injury to J.L.'s older half-brother, C.C. This conviction arose from the father digitally penetrating C.C.'s anus. The father claims he did this "out of anger." For reasons that are likely obvious, we find this conduct to be deeply concerning—not least because J.L. is fast approaching the age that C.C. was when the father committed this abuse against C.C.[3] Moreover, we share the juvenile court's concern about the father's failure to take responsibility for this

---

[2] We also question whether error was preserved as to the father's argument that it was error for the juvenile court to adopt certain factual findings from the previous child-in-need-of-assistance case. With that said, we wish to make it clear that—in completing our de novo review—we have not adopted factual findings from the previous child-in-need-of-assistance case. Rather, our findings are based on our de novo review of the record at trial.

[3] C.C. was five years old when the father abused him. While the father is currently incarcerated, J.L. will be four years old at the father's earliest possible release date.

abuse. Based on our de novo review of the record as a whole, we agree with the juvenile court's finding that J.L. "is at a clear risk for the same type of abuse" that C.C. suffered. Moreover, even if we were to assume that the father poses no future threat to J.L.'s safety (we do not), the father's incarceration would still prevent him from contributing meaningfully to the child's welfare. *See In re A.M.*, No. 21-1225, 2021 WL 5106043, at *2 (Iowa Ct. App. Nov. 3, 2021).

In our de novo review, we find the mother has established by clear and convincing evidence that termination is in J.L.'s best interest. We affirm the juvenile court's order terminating the father's parental rights.

**AFFIRMED.**